**Jason K. Singleton,** State Bar #166170
lawgroup@sbcglobal.net
**Richard E. Grabowski,** State Bar #236207
rgrabows@pacbell.net
**SINGLETON LAW GROUP**
**611 "L" Street, Suite A**
**Eureka, CA 95501**

**(707) 441-1177**
**FAX  441-1533**

**Attorney for Plaintiff, JASON CLARE**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JASON CLARE,**            Plaintiff,   v.  **WOMEN TO WOMEN MEDICAL GROUP, INC., a California corporation, LEE C. MADDOCKS, SUSAN R. PODOLSKY, M.D., NICHOLAS A. MADDOCKS, and DOES ONE through FIFTY, inclusive,**            Defendants. | Case No. 1:06-CV-01544-AWI-SMS   **STIPULATION OF DISMISSAL WITH PREJUDICE AND ORDER** |

Plaintiff **JASON CLARE** and Defendants **WOMEN TO WOMEN MEDICAL GROUP, INC., a California corporation, LEE C. MADDOCKS, SUSAN R. PODOLSKY, M.D., NICHOLAS A. MADDOCKS** (collectively "the Parties"), by and through their respective attorneys of record, hereby stipulate as follows:

1. The Parties have entered into a Confidential Settlement Agreement and General Release in this matter whereby they have resolved all claims and agreed to the dismissal of the above-captioned action with prejudice, each party to bear their own attorney fees and costs.

2. Accordingly, the Parties jointly request the Court to dismiss this action with prejudice.

//

**SINGLETON LAW GROUP**

Dated:     March 13, 2007          /s/ Jason K. Singleton
Jason K. Singleton,
Richard E. Grabowski, Attorneys for Plaintiff,
**JASON CLARE**

**CAULFIELD, DAVIES & DONAHUE, LLP**

Dated:     March 13, 2007          /s/ Rebecca Weinstein-Hamilton
Rebecca Weinstein-Hamilton
Attorneys for Defendants

## ORDER

The parties seek dismissal of this action pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.   Rule 41(a)(1), in relevant part, reads:

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Rule 41(a)(1)(ii) thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice.  <u>Carter v. Beverly Hills Sav. & Loan Asso.</u>, 884 F.2d 1186, 1191 (9th Cir. 1989); <u>Eitel v. McCool</u>, 782 F.2d 1470, 1472-73 (9th Cir. 1986).  Because Plaintiff has filed a stipulation for dismissal with prejudice as to all parties under Rule 41(a)(1)(ii) that is signed by all parties who have made an appearance, this case has terminated.  <u>See</u> Fed. R. Civ. Pro. 41(a)(1)(ii)

Therefore, IT IS HEREBY ORDERED that this action is DISMISSED and the Clerk of the Court is DIRECTED to close this case in light of the parties' filed and signed Rule 41(a)(1)(ii) Stipulation For Dismissal With Prejudice.

IT IS SO ORDERED.

**Dated:   March 14, 2007**                   /s/ Anthony W. Ishii

0m8i78                              UNITED STATES DISTRICT JUDGE